UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED by _____ D.C.

JAN 0 4 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

CASE NO. 14-80822-CIV-MIDDLEBROOKS/WHITE
(06-80094-CR-MIDDLEBROOKS)

MICHAEL DENSON,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## PETITIONER'S MOTION TO REOPEN PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES Movant, MICHAEL DENSON ("Denson"), appearing *pro se,* and in support of this motion would show as follows:

### I. PRELIMINARY STATEMENT

A s a preliminary matter, it is respectfully requested that this Court be mindful that "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998); *Green v. Nelson,* 595 F.3d 1245 (11th Cir. 2010)(same); *Estelle v. Gamble,* 429 U.S. 97 (1976) (same); and *Haines v. Kerner,* 404 U.S. 5 19 (1972) (same).

### II. JURISDICTION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion

under Rule 60(b)(2) or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

A motion under Rule 60(b)(6) must be made within a reasonable time. *Id.* However, Rule 60(b)(6) is only an appropriate basis for granting relief if the motion does not fall within any of the other categories listed in Rule 60(b)(1) through (5). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd. Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991).

### III. <u>GROUND FOR REVIEW</u>

Whether, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), Denson's career offender enhancement is null and void and he should be resentenced without the career offender enhancement.

### IV. <u>RELEVANT BACKGROUND</u>

On June 16, 2014, Denson filed his Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See CvDoc. 1.[1]

On April 17, 2015, the magistrate Court issued the Report of Magistrate Judge recommending that Denson's § 2255(f)(3) Motion be denied. See CvDoc. 17.

On August 14, 2015, the Court issued an Order Adopting Report and Recommendation and denying Denson's § 2255(f)(3) Motion and any subsequent motion for a Certificate of Appealability. See CvDoc. 20.

On August 20, 2015, Denson filed a Movant's Citation of Additional Authorities and Objections to Magistrate Report, which is still pending. See CvDoc. 22.

---
[1]

"CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Florida, in Civil No. 14-80822-CIV-MIDDLEBROOKS/WHITE. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

## V. DISCUSSION

A defendant is subject to an enhanced sentence under the United States Sentencing Guidelines ("USSG") if he is a "career offender." See USSG § 4B1.1. The Guidelines classify a defendant as a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a controlled substance offense or a crime of violence. See USSG § 4B1.2(a); *United States v. Haynes*, 764 F.3d 1304 (11th Cir. 2014). When a defendant satisfies all three criteria, the guidelines automatically assign the defendant to a criminal history category VI and establish a base offense level based upon the maximum statutory punishment allowed for the instant conviction. See USSG § 4B1.1(b).

Under USSG § 4B1.2(a), a defendant's previous felony conviction may qualify as a crime of violence in one of three ways: (1) the conviction is one of the crimes specifically enumerated in Application Note 1 to USSG § 4B1.2; (2)[2] the crime has as an element the use, attempted use, or threatened use of physical force against another; or (3) the crime involved conduct posing a serious potential risk of physical injury to another person. When a defendant satisfies all three criteria, the guidelines automatically assign the defendant to a criminal history category VI and establish a base offense level based upon the maximum statutory punishment allowed for the instant conviction. See USSG § 4B1.1(b); *Haynes*, 764 F.3d at 1308. These three definitional approaches are referred to as the "enumerated-offense," "elements" and "residual" clauses of USSG § 4B1.2(a), respectively. *Id.*

---

[2]

These enumerated offenses include murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. USSG § 4B1.2 cmt. n.1.

To determine whether a defendant's previous felony conviction qualifies as a violent one under any of these clauses, courts start by using a "categorical approach." The first step in determining whether a conviction qualifies as a crime of violence under is to analyze the statute of conviction under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). See, e.g., *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). Under this approach, the Court "look[s] no further than the statute and judgment of conviction," [*Id.* at 1336], and "compare only the elements of the statute forming the basis of the defendant's conviction" and the generic definition of a crime of violence. See *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014). This analysis permits application of the USSG crime of violence enhancement only if the statute on its face "requires the government to establish, beyond a reasonable doubt and without exception," an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under the statute. *Donawa v. U.S. Attorney Gen.*, 735 F.3d 1275, 1281 (11th Cir.2013); see also, *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (holding that conviction under a California burglary statute did not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") because the State, to get a conviction, "need not prove" an element of the generic federal offense).

Under the ACCA, the specifically enumerated offenses that constitute a "violent felony" are burglary, arson, extortion, and a crime that involves use of explosives. § 924(e)(2)(B)(ii). Robbery is not a specifically enumerated violent felony. As such, robbery cannot be a "violent felony" under the residual clause since the Supreme Court has recently held that the ACCA's residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. See *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to *Johnson*, then, "[t]he residual clause is unconstitutionally vague

and cannot be applied to define a violent felony under the ACCA." *United States v. Braun*, -- F.3d --, 2015 WL 5201729, at *2 (11ᵗʰ Cir. Sept. 8, 2015).

In this case, the PSR identified the qualifying controlled substance offense as a 1997 conviction for sale of cocaine and possession of cocaine with intent to sell, in violation of Florida Statute, Sections 893.13(1)(a) and 893.13(1)1, Docket Number 96-7574CFA02. See PSR ¶ 23. The PSR identified two robberies both of which were in violation of Florida Statute, Sections 812.13 and 775.087, Docket Number 96-8727CFA02 and Docket Number 96-8956CFA02, as the qualifying crime of violence. *Id.* Using the career offender Guideline, the probation officer determined that the defendant's offense level was 34, and his criminal history category VI. *Id.* After a three (3) level reduction for acceptance of responsibility, the Denson's Total Offense Level was 31, which resulted in a Guideline range of 188 – 235 months imprisonment. See PSR ¶¶ 24, 85.

Courts have recently held that because the residual clause in the career-offender Guideline is materially identical to the residual clause in the ACCA *Johnson* also applies to the career offender Guideline. It is essential to note that the Sentencing Commission has recently published for comment a proposed amendment deleting the residual clause of the career-offender guideline in light of *Johnson.* See *United States v. Castro-Vazquez,* (No. 13-1508)(1st Cir. September 4, 2015) *United States v. Darden,* (No. 14-5537) (6ᵗʰ Cir. July 6, 2015) (unpublished);*United States v. Harbin,* (No. 14-3956) (6ᵗʰ Cir. July 20, 2015)(unpublished); *United States v. Taylor,* (No. 14-2635 )(8ᵗʰ Cir. October 9, 2015); *United States v. Benavides,* (No. 14-10512) (9th Cir. September 23, 2015) (unpublished).

Whether *Johnson* is retroactive is the issue on which lower courts have divided. As of this writing, six circuits (the First, Second, Fourth, Seventh, Eighth, and Ninth) have held that *Johnson*

5

is retroactive, with the First, and Seventh providing detailed opinions explaining that, in their view, it's sufficiently clear from existing Supreme Court precedent that *Johnson's* rule is substantive, and is therefore an example of Justice O'Connor's "Case Two." Three circuits (the Fifth, Tenth, and Eleventh--over a dissent) have held to the contrary--reading Justice O'Connor's concurrence to require some explicit recognition by the Court that a new rule is "of that particular type," i.e., substantive for purposes of retroactive enforcement.

It is essential to note that "robbery" is listed as an example of a "crime of violence" in the Guidelines. See USSG § 4B1.2, Application Note 1. See *United States v. Ramirez*, 708 F.3d 295, 302 n.8 (1st Cir. 2013) (noting that we apply the categorical approach to determining whether a prior conviction falls within a generic definition of an enumerated offense, including those listed in application notes (citing *United States v. Walker*, 595 F.3d 441, 445-46 (2nd Cir. 2010) ("robbery" in Section 4B1.2, Application Note 1))).

The Eleventh Circuit recently held *In re Rivero*, (No. 15-13089-C) (11th Cir. August 12, 2015), that Rivero's application for leave to file a second or successive motion to vacate, set aside, or correct a federal sentence required the Court to decide whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Rivero was sentenced as a career offender under what were mandatory Guidelines at the time, and his judgment of conviction and sentence was upheld on direct appeal and collateral review. *Id.* § 2255. Rivero applied for leave to file a second or successive motion under § 2255. The Court held that *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and denied Rivero's application. There was also a dissenting decision

6

in *Rivero*. In her dissenting opinion, Justice Pryor stated that *Johnson* announced a new substantive rule of constitutional law that the Court has made retroactive to cases on collateral review. In no uncertain terms, the Supreme Court has said that "decisions that narrow the scope of a criminal statute by interpreting its terms . . . apply retroactively . . . ." *Schriro v. Summerlin*, 542 U.S. 348, 351-51. The majority concedes that *Johnson* is that very type of narrowing decision. So does the government, which does not contest *Johnson's* retroactivity. See *In re Rivero* at 14.

On September 14, 2015, the Court issued an Order on its own motion to rehear *In re Rivero* by the full en banc Court. The Court requested supplemental briefing on the questions of:

(1)    Whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2);

(2)    Whether a petitioner sentenced as a career offender under the United States Sentencing Guidelines can rely on *Johnson* in support of an application to file a second or successive section 2255 motion. See § 2255(h)(2); USSG § 4B1.2(a)(2); and

(3)    Any other issue that counsel deems appropriate in light of the facts and procedural posture of the case.

On October 16, 2015, the United States submitted a court-ordered response to a petition for initial hearing en banc in *In re Jackson*, (No. 15-8098) (10th Cir. November 6, 2015). In its response, the government agreed with the petitioner that *In re Gieswein*, __ F.3d __, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (denying a successive Johnson application in an ACCA case) was "wrongly decided and should be overruled" by the full Court (at 5). The government has similarly urged this Court to convene en banc in an ACCA case and hold that the Supreme Court has "made" *Johnson*

retroactive to "cases on collateral review." 28 U.S.C. §2255(h)(2).

In *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), the Seventh Circuit correctly held that the Supreme Court has "made" Johnson retroactive. Although Price was an ACCA case, the Seventh Circuit has routinely relied on it to grant successive applications in Guidelines cases. See, e.g., Best v. United States, (No. 15–2417)Order (7th Cir. Aug. 5, 2015); *Stork v. United States*, (No. 15–2687) Doc. 2, Order (7th Cir. Aug. 13, 2015). In doing so, the Seventh Circuit has recognized that "*Johnson* announced a new substantive rule of constitutional law made categorically retroactive to cases on collateral review by the Supreme Court." *Stork*, Order at 1 (emphasis added). The Seventh Circuit has also granted authorization notwithstanding its precedent that the Guidelines are not susceptible to a vagueness challenge at all. And it has done so without addressing affirmative defenses. Indeed, it has specifically stated that *Johnson's* application to the Guidelines and procedural default "would be better addressed by the district court after adversarial testing, which we lack the time for given the 30-day deadline for deciding applications." *Swanson v. United States*, (No. 15–2776), Order at 1–2 (7th Cir. Sept. 4, 2015). This Court should follow the Seventh Circuit's approach because both the ACCA and § 4B1.2(a)(2) are susceptible to a vagueness challenge because they "require[] application of the 'serious potential risk' standard to an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561. Requiring judges to apply a qualitative standard to the "ordinary case" rather than to the particular conduct in which the defendant engaged is the exception, rather than the rule under the Guidelines' real conduct approach.

In *United States v. Matchett*, (No. 15-13089) __ F.3d __, 2015 WL 5515439 at *6 (11th Cir. Sept. 21, 2015), the Court held that held that § 4B1.2(a)(2) is not unconstitutionally vague, reasoning that the vagueness doctrine does not apply to the now-advisory Sentencing Guidelines. That

8

conclusion is inconsistent with Supreme Court decisions on the vagueness doctrine and the Sentencing Guidelines. The *Matchett* decision also upsets the careful balance that the Supreme Court has struck between uniformity and discretion in federal sentencing after *United States v. Booker*, 543 U.S. 220 (2005). Finally, the panel decision *Matchett* failed to appreciate that it faced a unique situation in which a Guideline contains language identical to a federal statute declared void for vagueness by the Supreme Court. Both the narrow basis for that decision, as well as ordinary Commission practice of reviewing and revising the Sentencing Guidelines, ensure that few Guidelines will become susceptible to serious vagueness challenges. It is essential to note that the government has already taken the (correct) position that *Johnson's* constitutional holding applies to §4B1.2(a)(2)'s residual clause. Any reliance on *Matchett*, which is not yet final[3], would have failed because its holding that the Guidelines are not subject to a vagueness challenge is limited to the advisory Guidelines. Denson was sentenced under the mandatory Guidelines prior to *United States v. Booker*, 543 U.S. 220 (2005).

Given the Eleventh Circuit's pending review of *In re Rivero* by the en banc court and *Matchett* if it is granted en banc review, Denson respectfully requests that this Court hold this motion in abeyance until the en banc opinion(s) are released, which would greatly aid this Court in the decisional process.

---

[3]

On October 15, 2015, a petition for rehearing en banc was filed. On October 30, 2015, a Brief of Law Professors as Amicus Curiae in Support of Defendant-Appellant was filed by law professors Carissa Byrne Hessick of S.J. Quinney College of Law, Douglas A. Berman, of Moritz College of Law, Ohio State University, and David Oscar Markus of Markus/Moss PLLC. If the Court rehears *Matchett* en banc, it could conveniently consider the two cases—presenting interrelated *Johnson* issues—at the same time.

## VI. **CONCLUSION**

For the above and foregoing reasons, Denson prays that his motion be, in all things granted, and that the Court resentence him without the career offender enhancement. In the alternative, Denson respectfully requests that the Court hold this motion in abeyance until the *In re Rivero* en banc opinion is released.

Respectfully submitted,

MICHAEL DENSON
Reg. 75622-004
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962
Petitioner Appearing *Pro Se*

## III. **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2015, a true and correct copy of the above and foregoing Petitioner's Motion to Reopen Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was sent via U. S. Mail, postage prepaid, to Adrienne Rabinowitz, Assistant U. S. Attorney at the United States Attorney's Office, 500 South Australian Avenue, Suite 400, West Palm Beach, FL 33401.

MICHAEL DENSON



U.S. POSTAGE
MANCHESTER, KY
40962
DEC 30 '15
AMOUNT
$0.00
R2305K141379-04

33401

1000



<>75622-004<>
Clerk Of Court
701 Clematis ST.
Rm#202
WEST PALM BCH, FL 33401
United States